IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-00232-CMA-GPG

ARRON PISANI,

      Plaintiff,

v.

THE RITZ-CARLTON HOTEL COMPANY, *a limited liability company*, and
PATRICK HARRINGTON,

      Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the Recommendation (Doc. # 48) by

Magistrate Judge Gordon P. Gallagher, wherein he recommends that this Court grant

Defendant Patrick Harrington's Motion to Dismiss (Doc. # 18) based on insufficient

service of process. Plaintiff filed an Objection (Doc. # 49) on September 6, 2020. For

the following reasons, the Court affirms the Recommendation.

## I.     BACKGROUND

This case arises from an incident that allegedly took place on the premises of

The Ritz-Carlton in Bachelor Gulch, Colorado, on December 2, 2018. Specifically,

Plaintiff asserts that Mr. Harrington assaulted him, and Plaintiff was injured as a result.

Plaintiff's Amended Complaint raises two claims for relief: (1) premises liability against

Defendant Ritz-Carlton Hotel Company LLC; and (2) battery against Mr. Harrington. (Doc. # 6 at 2–5.)

Plaintiff initiated this case in Colorado state court on November 30, 2019. On January 10, 2020, Plaintiff filed an Affidavit of Process Server, which indicates that Mr. Harrington was served with various documents on January 1, 2020. (Doc. # 18-3.) It is undisputed that those documents did not include a summons. In the instant Motion, Mr. Harrington argues that the absence of a summons rendered service legally inadequate. *See* Fed. R. Civ. P. 4(c)(1) (A summons **must** be served with a copy of the complaint. (emphasis added)); *see also* Colo. R. Civ. P. 4(c) (". . . the complaint **shall** be served with the summons . . . ." (emphasis added)).

Mr. Harrington raised the issue of defective service for the first time in a motion to dismiss that he filed in state court on January 24, 2020. (Doc. # 18-4.) Despite having ample notice of the defect, Plaintiff concedes that he "has not attempted to cure service." (Doc. # 49 at 2.) Thus, Mr. Harrington **still** has not been properly served.

## II.   STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept,

reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

### III.   ANALYSIS

Judge Gallagher determined that "service of process was legally defective . . ." as to Mr. Harrington. (Doc. # 48 at 7.) Plaintiff does not object to that determination, *see* (Doc. # 49), and the Court adopts Judge Gallagher's findings and conclusions because they are not clearly erroneous. *Summers*, 927 F.2d at 1167 (citing *Thomas*, 474 U.S. at 150). Rather, Plaintiff argues that he should be permitted to cure the defective service. (*Id.*) The Court disagrees.

Federal Rule of Civil Procedure 12(b)(5) allows for the dismissal of an action without prejudice based on insufficient service of process. Where, as here, "a defendant is not served within 90 days after the complaint is filed, the court . . . **must dismiss** the action without prejudice against that defendant or order that service be made within a specified time," unless the plaintiff shows good cause for the delay. Fed. R. Civ. P. 4(m) (emphasis added). "A court applying these rules engages in a two-part inquiry." *Estate*

*of Goodwin v. Connell*, 376 F. Supp. 3d 1133, 1144 (D. Colo. 2019) (citing *Moore v. Teamsters Local 41*, 2015 WL 859074, at \*2 (D. Kan. Feb. 27, 2015)).

First, the court determines whether the plaintiff has shown good cause for his failure to timely serve the defendant. *Id.* If good cause is shown, then an extension of the time for service of process is mandatory. *See* Fed. R. Civ. P. 4(m); *see also Thunder Mountain Custom Cycles, Inc. v. Thiessen*, No. 06-cv-02527-EWN-BNB, 2008 WL 618898, at \*6 (D. Colo. Mar. 5, 2008). If good cause is not shown, then the court proceeds to the second step of the analysis and determines whether a permissive extension is warranted. *See Moore*, 2015 WL 859074, at \*2.

In Plaintiff's cursory Objection, he offers **no explanation** for his failure to timely serve Mr. Harrington with adequate process. Rather, as Judge Gallagher accurately observed, "[n]othing in the record indicates that Plaintiff has made any effort to arrange for proper service of process on [Mr.] Harrington." (Doc. # 48 at 7.) Thus, Plaintiff has not shown good cause for his failure, and there is no basis for the Court to award Plaintiff's lack of diligence with a permissive extension of time. As a consequence, dismissal of Plaintiff's claim against Mr. Harrington is warranted.

## IV.    CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- The Recommendation of Magistrate Judge Gallagher (Doc. # 48) is AFFIRMED AND ADOPTED as an order of this Court;

- Mr. Harrington's Motion to Dismiss (Doc. # 18) Plaintiff's Second Claim for Relief is GRANTED;

- Plaintiff's Second Claim for Relief is DISMISSED WITHOUT PREJUDICE;

- The Clerk of the Court is DIRECTED to amend the caption of this case to reflect that Mr. Harrington is no longer a Defendant;

- Plaintiff's First Claim for Relief against Defendant Ritz-Carlton Hotel Company LLC remains pending.

DATED: September 8, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge